UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>SANDRA JO BRUESS,<br><br>Debtor. | BKY No. 14-34922<br><br>Chapter 7 |
| SANDRA JO BRUESS,<br><br>Appellant,<br><br>v.<br><br>MICHAEL S. DIETZ, *Trustee*,<br><br>Appellee. | No. 19-2714 (JRT)<br><br>**MEMORANDUM OPINION<br>AND ORDER AFFIRMING ORDER OF THE<br>BANKRUPCTY COURT** |

Keith D. Johnson, **KEITH D. JOHNSON P.L.L.C.**, The Reserve, 1915 Highway 36 West, Suite 5, Roseville, MN 55113 and Kevin M. O'Brien, **KEVIN O'BRIEN**, 7101 York Avenue, Suite 340, Edina MN 55435, for appellant.

Michael S. Dietz, **DUNLAP & SEEGER, PA**, 30 Third Street, SE, Suite 400, Rochester, MN, 55904 for appellee.

Appellant Sandra Jo Bruess appeals from a bankruptcy court decision granting ownership of a legal malpractice claim worth upwards of $400,000 to the trustee of Bruess's bankruptcy estate.  Because Bruess suffered some damage at the moment she petitioned for bankruptcy the malpractice claim accrued at the time of the petition, and the bankruptcy court rightly found that the estate was the proper owner.  Accordingly, the Court will affirm the Bankruptcy Court's Order.

## BACKGROUND

On January 14, 2013, Plaintiff Sandra Jo Bruess of New Ulm, Minnesota, was granted a one-third interest in her father's Brown County property ("Homestead") valued at $562,760.33.[1] (Notice of Appeal, Attachment 4 ("Order on Appeal") at 2, October 15, 2019, Docket No. 1.) Despite knowing of the Homestead interest, Bruess's attorney, Stephen Behm, advised her to file for bankruptcy relief. (*Id.* at 4.) Behm incorrectly assured Bruess that her entire interest in the Homestead would be protected in bankruptcy. (*Id.*) On December 15, 2014, Bruess filed for Chapter 7 bankruptcy and claimed an exemption on her one-third interest in the Homestead. (*Id.* at 2.)

Defendant, the trustee of Bruess's bankruptcy estate, objected to the exemption on the grounds that Bruess had acquired her interest fewer than 1215 days before the date of the bankruptcy petition pursuant to 11 U.S.C. § 522(p). (*Id.*) The Bankruptcy Court sustained the objection and, pursuant to statute, limited Bruess's exemption to $155,675, with the remaining value going to the bankruptcy estate. (*Id.*).

The Bankruptcy Court found that the malpractice claim accrued the moment the petition was filed and therefore the estate owned the claim, and granted the Trustee's motion for summary judgment. (*Id*. at 33). Bruess now appeals that decision, arguing that she is the rightful owner of the malpractice claim and that the bankruptcy court decision should be overturned.

---

[1] The total value of the Homestead was valued to be worth approximately $1,800,000. (Order on Appeal at 2.)

**DISCUSSION**

**I.   STANDARD OF REVIEW**

In bankruptcy proceedings, the Court sits as an appellate court and reviews the Bankruptcy Court's conclusions of law de novo and its findings of fact for clear error. *Reynolds v. Pa. Higher Educ. Assistance Agency* (*In re Reynolds*), 425 F.3d 526, 531 (8th Cir.2005).  The only issue in this case is whether the Bankruptcy Court correctly interpreted the law as to when Bruess's bankruptcy malpractice claim accrued, and thus whether the bankruptcy estate or Bruess owns the claim.  Accordingly, the Court will review this issue de novo.

**II.   ACCRUAL OF CLAIMS**

"'Accrual' refers to the point in time when 'a plaintiff can allege sufficient facts to survive a motion to dismiss for failure to state a claim upon which relief can be granted.'" *Sec. Bank & Tr. Co. v. Larkin, Hoffman, Daly & Lindgren, Ltd.*, 916 N.W.2d 491, 496 (Minn. 2018) (quoting *Frederick v. Wallerich*, 907 N.W.2d 167, 173 (Minn. 2018)).  Accrual therefore occurs when facts exist that, if alleged and taken as true, support every element of the claim.  *Id.* ("[A] cause of action does not 'exist' as a matter of law until it accrues— the point at which the operative facts supporting each element of the claim come into existence.").

The claim here – legal malpractice – requires that a plaintiff plead four elements: "(1) the existence of an attorney-client relationship; (2) acts constituting negligence or

breach of contract; (3) that such acts were the proximate cause of plaintiff's damages; and (4) that, but for the attorney's conduct, the plaintiff would have obtained a more favorable result in the relevant matter." *Sec. Bank & Tr. Co.*, 916 N.W.2d at 496.

There are three general rules that jurisdictions use to determine when a malpractice action accrues. The first, the "occurrence rule," holds that such an action accrues "simultaneously with the performance of the negligent act." *Sec. Bank & Tr. Co.*, 916 N.W.2d at 498 (citing *Antone v. Mirviss*, 720 N.W.2d 331, 335 (Minn. 2006)). The second rule is the "discovery rule," wherein the "cause of action accrues at the moment when the client knows or should know the essential facts giving rise to the cause of action." *Id.* (citing *Antone*, 720 N.W.2d at 335).

Minnesota, however, has adopted the middle ground "some damage rule." *Id.* at 498; *see also Herrmann v. McMenomy & Severson*, 590 N.W.2d 641, 643 (Minn. 1999); *Dalton v. Dow Chem. Co.,* 280 Minn. 147, 158 N.W.2d 580 (1968). "Some damage" in this context is defined as "any compensable damage, whether specifically identified in the complaint or not," and that this damage can occur "even where 'greater injury remains uncertain.'" *Id.* at 498-99 (citing *Antone,* 720 N.W.2d a 335)). "Some damage" can involve concrete harm created by financial liability or by the loss of a legal right. *Id.* at 499. However, this rule does not require that the plaintiff be aware that the claim has accrued. *Id.*

### III. APPLICATION

Bruess claims that the bankruptcy court misapplied the "some damage" rule by holding that the legal malpractice claim accrued upon her petition for bankruptcy. Bruess points to the fact that, at the time of her petition, the interest on the Homestead was still fully exempt. The interest only lost its exempt status when the Trustee filed an objection to the exemption. This objection, according to Bruess, was the first time she experienced compensable damage. In other words, Bruess claims that petitioning for bankruptcy did not represent a loss of a legal right but instead merely "expos[ed] an interest," and therefore did not rise to the level of some damage.

It appears that Bruess would have the Court use the "discovery" rule instead of the "some damage" rule. Under the discovery rule, which has been explicitly rejected by the Minnesota Supreme Court, the claim would not have accrued until the Trustee objected to the Homestead's exempt status, because that was when Bruess first knew or should have known there was a cause of action. Bruess's attempt to reform the "some damage" rule into the "discovery" rule is inconsistent with case law.

The Minnesota Supreme Court has ruled that a plaintiff suffers damage when she enters a "point of no return" with respect to the law or specific legal dispute at issue. *Antone*, 720 N.W.2d at 337 (holding that a malpractice claim relating to a faulty pre-nuptial agreement accrued upon plaintiff's marriage because that was the point where he lost "the legal shield he retained [his attorney] to provide"). Likewise, Bruess reached

the "point of no return" when she filed for bankruptcy "without the legal shield [she] retained [her attorney] to provide." *Id.*

Although the greater injury—the loss of $400,000—may have still been uncertain, such uncertainty does not negate the "some damage" caused by the loss of rights. *Antone,* 720 N.W.2d at 338 ("the inability to calculate the precise damage . . . does not preclude the running of the statute of limitations from that point in time."). Bruess therefore suffered "some damage," and her claim accrued, at the time she filed for bankruptcy. *Id.* The Court will affirm the Order for Summary Judgment from the Bankruptcy Court.

## CONCLUSION

Because Bruess lost all legal right to prevent the Trustee's objection the moment she petitioned for bankruptcy, she suffered "some damage" sufficient for a legal malpractice claim for accrue at the time of petitioning. Accordingly, although the damage was not necessarily measurable until later in the proceedings, the malpractice claim rightly belongs to the bankruptcy estate and not to Bruess.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Bankruptcy Court's Order for Summary Judgment [Docket No. 1, Attachment 4] is **AFFIRMED.**

- 7 -

2. Appellee's Motion to Dismiss [Docket No. 8] is **DENIED as MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 6, 2020  
at Minneapolis, Minnesota.

_____*John M. Tunheim*_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court